301 A.2d 75.

KATHLEEN A. BENEVIDES, *p.a. et al. vs.* MARGARET CANARIO *et al.*

MARCH 5, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a civil action brought by Kathleen A. Benevides, a minor, through her father, Peter F. Benevides, to recover damages for injuries alleged to have been sustained by Kathleen and for consequential damages incurred by the plaintiff, Peter F. Benevides. The plaintiff Kathleen was a passenger in a car driven by Margaret Canario which was in collision with a car driven by Phyllis Perry and owned by her husband, Marvin D. Perry.[1] The matter was tried to a jury in the Superior Court, which returned a verdict for the plaintiff Kathleen in the amount of $12,000 and for the plaintiff father in the amount of $6,500. Thereafter, the defendants Canario filed a motion for a new trial, and the plaintiffs filed a motion for an additur. The trial justice denied Kathleen's motion for an additur but ordered the plaintiff father to file a remittitur in the amount of $2,000 or a new trial on the question of damages only would be granted. The plaintiff father filed a remittitur as ordered, which was not accepted by the defendants Canario. The defendants Canario are now in this court prosecuting an appeal from the denial of their motion for a new trial, while the plaintiff Kathleen is prosecuting an appeal from the denial of her motion for an additur, and plaintiff father is appealing the granting of defendants'

[1]The plaintiffs Benevides had also brought an action against Marvin and Phyllis Perry, the owner and operator, respectively, of the car struck by the Canarios' car. In that action the jury returned verdicts for the defendants, and the judgments entered therein have become final.

motion for a new trial conditioned on the filing of a remittitur.

The evidence discloses that defendant Margaret Canario was operating a motor vehicle owned by her father, Frank Canario, southerly along Metacom Avenue in the town of Bristol at about 10:15 p.m. on the evening of May 20, 1966. Riding in the Canario car with Margaret were plaintiff Kathleen A. Benevides and a Robert Morris, who subsequently married defendant Margaret Canario. At that same time Phyllis Perry, operating a car owned by her husband, Marvin D. Perry, had stopped her car in the southbound lane to await a break in the northbound traffic. It was her intention to make a left turn into Kickemuit Avenue. Phyllis Perry testified that she had activated her directional signal to indicate a left turn and that it was operating as she waited for an opportunity to make that turn. There is also evidence that Margaret Canario was traveling at a speed of about 40 miles per hour and that the night was foggy with the visibility substantially reduced. Margaret testified, however, that she saw the rear lights of the Perry car when she was about four car lengths behind it but did not see a directional signal. When she became aware that the Perry car was not in motion, she was unable to stop, and her car collided with the rear-end of the Perry car.

Robert Morris, who was a passenger in the Canario car on the night of the accident and who, prior to the trial, had become her husband, did not testify. The defendant Margaret was asked if her husband was in the courtroom, to which she replied that he was not. She testified that he was in Maryland and, in response to an inquiry as to whether her husband had been in Rhode Island within the last week, testified: "Yes, he was here all day Monday because we thought there was going to be the trial that day but he had to go back Monday night."

Subsequently, at the close of the trial, defendants Perry

requested that the jurors be instructed that they could infer from the failure of defendants Canario to call Mr. Morris that his testimony would have been unfavorable to their case. The trial justice instructed the jury that "[t]he jury might properly infer that the failure to call an available and material witness by the party who naturally is expected to produce such witness was an admission that the testimony of such witness would be unfavorable. In this context I instruct you that the jury can infer that the failure of the defendants Canario to call Mr. Morris was an admission by the defendants Canario that the testimony of Mr. Morris would be unfavorable to their case." The Canarios now argue that the trial justice erred in so charging. They contend that, in view of the testimony of defendant Margaret concerning the necessity for his returning to Maryland on Monday night, she had made it clear that he was unavailable and that, therefore, it was error to instruct the jury that such an inference could be drawn, his unavailability having been established.

This court has long followed the rule " '* * * the failure to produce an available material witness to testify may be considered as a circumstance, but the inference to be drawn and the weight to be given thereto is ultimately for the trier of facts to determine upon a consideration of all the evidence. The cases in this state have consistently followed this pattern whether applied to a party or a witness. * * * None of these cases holds that a trier of facts is compelled as a matter of law to draw an unfavorable inference from a party's mere failure to produce a material witness * * *.' " *Lantini* v. *Daniels,* 104 R.I. 572, 580, 247 A.2d 298, 302 (1968); *see also Higgins* v. *Mycroft,* 80 R.I. 118, 123, 92 A.2d 727, 729 (1952); *McCall* v. *Laferriere,* 79 R.I. 174, 180, 86 A.2d 46, 49 (1952); 2 Wigmore, *Evidence* §§285-286 at 162-68 (3d ed. 1940).

It is clear that under our rule the establishment of the availability of a witness is a condition precedent to the jury's drawing an inference that the testimony would be adverse to the party who would naturally be expected to call that witness. In *Grady* v. *Collins Transportation Co.*, 341 Mass. 502, 507, 170 N.E.2d 725, 728 (1960), the court, quoting from *Commonwealth* v. *Spencer*, 212 Mass. 438, 451-52, 99 N.E. 266, 271-72 (1912), said: "'A failure to explain what can be reasonably explained may be taken as evidence that the truth would not help the defendant. The jury are to judge whether the defendant has done what he could to put the evidence before them and what weight should be given to his failure. . . . The defendant always may relieve himself from any unfavorable inference by showing that by reason of the sickness or absence of the desired witness or from any other cause he has been unable to produce him; but he is to be held to reasonable effort to produce the witness, and in the absence of any evidence of such effort the rule applies.'"

We think that the language quoted above is applicable to the rule followed in this state. The question of whether such an inference may be drawn from the failure to produce a witness by the party naturally expected to produce him depends fundamentally on whether that witness was available to such party. In the instant case, as we have already noted, defendant Margaret testified concerning her husband's obligation to go to Maryland on the Monday night before the trial opened. It was, then, for the jury to determine whether the witness Morris was available to his wife at the time of the trial. It follows, in our opinion, that when an instruction is given to the jury, informing it that it may draw such an inference, the instruction must make clear to the jury its obligation to first determine on the evidence presented whether the witness in fact was available to the party that failed to produce him.

While the instruction given by the trial justice was adequate so far as it went, it did not in any manner inform the jury that its right to draw an unfavorable inference would require its finding that the witness Morris was in fact available to his wife at the time of the trial. That being so, we are constrained to hold that the charge was inadequate in that it did not inform the jury that availability was a condition precedent to a drawing of such an inference and, therefore, prejudiced defendants Canario. It would appear that in these circumstances a new trial should be ordered on the question of liability.

Because we find the charge to be inadequate, we need not consider whether plaintiffs' question to Margaret concerning the whereabouts of her husband at the time of the trial constituted a sufficient notice that plaintiffs would request such a charge. The issue of notice, however, is important because the party against whom the inference is to be drawn should have an opportunity to prove that the witness is unavailable. Such a party should not be obliged to call every possible witness to a fact lest his failure to do so would warrant a charge to the jury that it may draw such an inference. *Ballard* v. *Lumbermens Mutual Casualty Co.*, 33 Wis.2d 601, 148 N.W.2d 65 (1967).

Ordinarily, the request to charge the jury, as in this case, comes at the close of the entire case. In this circumstance a potential unfairness lurks for that party because the request comes upon him without warning. At that time the surprised party must meet the burden of proving that the witness is unavailable. To avoid such unfairness, the party seeking to obtain a charge including an inference based on the failure to produce a witness under that party's control should lay a foundation for his request. At the least, he should at the close of his opponent's case inform the trial justice and counsel that he intends to request such a charge, giving the name of the potential witness and the reason

why his testimony would produce evidence material to the issue at trial. Such a procedure would afford the party accused of the nonproduction of such a witness an opportunity either to call the witness or to explain his absence. *State* v. *Clawans*, 38 N.J. 162, 183 A.2d 77 (1962).

Having so concluded, we are of the opinion that it is unnecessary for this court to consider or pass upon any of the contentions of error involved in the issues relating to damages. In the course of oral argument, the parties were mutually agreed that a new trial on the issue of damages should be ordered in the interests of justice. In such circumstances, we feel that there should be a new trial on the issue of liability and of damages.

The appeal of the defendants Canario from the denial of their motion for a new trial is sustained; the appeal of the plaintiffs is denied pro forma; and the case is remitted to the Superior Court for a new trial on all the issues.

Mr. Justice Powers participated in the decision but retired before its publication. Mr. Justice Doris did not participate.

*Abedon, Michaelson, Stanzler & Biener, Howard I. Lipsey,* for plaintiffs.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden,* for defendants.